UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CIMA DEVELOPERS LIMITED PARTNERSHIP, and The PRIDE Stores, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF WEST CHICAGO, ILLINOIS, et al., <br><br> Defendants. | Case No. 19 C 2193 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs CIMA Developers and the Pride Stores bring a first amended complaint against defendants West Chicago, Illinois and West Chicago public officials in relation to certain municipal ordinances. Specifically, plaintiffs assert that these ordinances and their enforcement violated their due process and equal protection rights under the Fourteenth Amendment seeking declaratory and injunctive relief, as well as monetary damages. 28 U.S.C. § 1331. Plaintiffs also bring a malicious prosecution claim under Illinois law pursuant to the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). Defendants have responded with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants defendants' motion to dismiss Counts I through IV of the first amended complaint with prejudice. The Court declines to exercise its supplemental jurisdiction over plaintiffs' state law malicious prosecution claim, and therefore, dismisses Count V without prejudice.

**Background**

In 2018, CIMA Developers bought a gas station and convenience store in the municipality of West Chicago in DuPage County, Illinois, and then leased it to Pride Stores. On November 1, 2018, Pride Stores hired a company to stain the bricks at the gas station. On November 8, 2018, a

West Chicago official issued a stop work order because the municipal Design and Standards Ordinance Section 7.13(C)(4) stated that the brick "shall not be painted," which West Chicago officials interpreted as including stain. There was also an issue as to whether the ordinance applied to both existing and new construction.

Thereafter, West Chicago issued multiple citations to CIMA, and on April 10, 2019, an ALJ conducted an evidentiary hearing, which resulted in a $49,500 fine against CIMA for violating the design ordinance. CIMA filed an administrative appeal in the Circuit Court of the Eighteenth Judicial Circuit in DuPage County challenging the April 10, 2019 Final Administrative Decision. The state court stayed the enforcement of the $49,500 fine in July 2019. In September 2019, the state court interpreted the ordinance in CIMA's favor, namely, that the design ordinance only applied to new structures and that the gas station and convenience store were not new construction. The state court thus reversed the ALJ's decision and found "non-liability" for CIMA. West Chicago did not appeal the state trial court's ruling. In April 2020, West Chicago amended the design ordinance clarifying that the ordinance applied to new and existing building developments in relation to painting or staining bricks.

This lawsuit also concerns West Chicago's alcohol ordinance 01-0-0035 regarding Class C-4 liquor licenses, which applies to gas stations. Pursuant to the ordinance, only one Class C-4 liquor license exists in West Chicago and the City had already granted that license to the gas station across the street from the Pride Stores. Nonetheless, plaintiffs allege that defendants refused to allow Pride Stores to apply for a liquor license and also summarily denied the Pride Stores a liquor license.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual

allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

It is "well-settled in this circuit that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (citation omitted). Also, "[t]aking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

**Discussion**

*Official Capacity Claims*

Defendants first argue that the official capacity claims against the individual defendants are duplicative of the claims against West Chicago. The Court agrees because official capacity claims are just "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Put differently, "[a]ctions against individual defendants in their official capacities are treated as suits brought against the government entity itself." *Walker v. Sheahan,* 526 F.3d 973, 977 (7th Cir. 2008). The Court therefore dismiss the individual defendants from this lawsuit.

*Due Process Claims*

Plaintiffs bring both procedural and substantive due process claims based on defendants' "malicious" enforcement of West Chicago's design ordinance. Plaintiffs' due process claims fail for

several reasons. First, a procedural due process claim based on random or unauthorized acts requires only a meaningful post-deprivation remedy. *Calderone v. City of Chicago*, 979 F.3d 1156, 1165 (7th Cir. 2020). Plaintiffs took advantage of a meaningful post-deprivation state court remedy when they successfully challenged the ALJ's decision to the in DuPage County Court.

Next, "substantive due process is not a blanket protection against unjustifiable interferences with property" and does not "confer on federal courts a license to act as zoning boards of appeals." *General Auto Serv. Station v. City of Chicago*, 526 F.3d 991, 1000 (7th Cir. 2008). To state a substantive due-process claim, plaintiffs must allege that West Chicago abused its power in a manner that is "so arbitrary and oppressive that it shocks the conscience." *Catinella v. County of Cook*, 881 F.3d 514, 519 (7th Cir. 2018). Nothing in plaintiffs' complaint comes close to this high standard of egregious conduct. Plaintiffs' arguments concerning West Chicago's "malicious" interpretation of its design ordinance do not save the day because an "alleged misinterpretation of a municipal ordinance does not implicate the U.S. Constitution." *Tucker v. City of Chicago*, 907 F.3d 487, 494 (7th Cir. 2018). And, as with procedural due process claims, plaintiffs' use of the post-deprivation remedy cured any substantive due process deprivation. *See CEnergy-Glenmore Wind Farm v. Town of Glenmore,* 769 F.3d 485, 489 (7th Cir. 2014).

Another reason plaintiffs' due process claims fail is that plaintiffs do not have standing to bring these claims in federal court. "[S]tanding is an essential ingredient of subject-matter jurisdiction," *Bazile v. Finance Sys. of Green Bay, Inc.,* 983 F.3d 274, 278 (7the Cir. 2020), and "federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*." *Evergreen Square of Cudahy v. Wisconsin Housing Econ. & Development Auth.*, 776 F.3d 463, 465 (7th Cir. 2015). "To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury

was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, ––– U.S. –––, 140 S. Ct. 1615, 1618, 207 L.Ed.2d 85 (2020).

Under the first standing requirement, plaintiffs did not suffer an injury in fact because they won their administrative appeal regarding the design ordinance and never paid the $49,500 fine. As to the third requirement, plaintiffs' injury has already been redressed by the DuPage County Court when it reversed the ALJ's decision. Meanwhile, "[h]aving to defend oneself in a legal proceeding ordinarily does not give rise to a redressable injury." *Simic v. City of Chicago*, 851 F.3d 734, 739 (7th Cir. 2017).

Plaintiffs argue that they were injured because attorney's fees resulted in seeking the state court remedy, but as the Supreme Court recently explained: "To be sure, [the] attorneys have a stake in the lawsuit, but an 'interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'" *Thole*, 140 S.Ct. at 1619 (citation omitted). The Court therefore grants defendants' motion to dismiss plaintiffs' due process claims with prejudice.

*Equal Protection Claim*

Plaintiffs also bring class-of-one equal protection claims. They first argue that defendants' enforcement of the design ordinance failed to treat all business owners alike and that there is no rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.E.2d 1060 (2000) (per curiam). Class-of-one equal protection claims, however, cannot be used to challenge a government's discretionary decisions. *Katz-Crank v. Haskett*, 843 F.3d 641, 649 (7th Cir. 2016). The enforcement of local ordinances is a prosecutorial decision entailing selectivity, and thus it is a discretionary governmental decision. *Van Dyke v. Village of Alsip*, 819 Fed.Appx. 431, 432 (7th Cir. 2020) (unpublished); *see also Miller v. City of Monona*, 784 F.3d 1113,

1119 (7th Cir. 2015) ("certain forms of state action like code enforcement 'involve discretionary decisionmaking based on a vast array of subjective, individualized assessments.'") (citation omitted). Accordingly, plaintiffs' class-of-one equal protection claim concerning the discretionary decision in enforcing the design ordinance is untenable.

In addition, plaintiffs' equal protection claim based on the enforcement of the design ordinance suffers the same standing problems as their due process claims – there is no injury in fact and the DuPage County Court has already redressed their claims based on the design ordinance. *See Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021). Also, that plaintiffs had to defend themselves in the administrative proceeding does not give rise to a redressable injury. *Simic*, 851 F.3d at 739.

Plaintiffs further bring a class-of-one equal protection claim based on West Chicago's liquor ordinance. They allege that West Chicago granted a competing gas station a liquor license, but refused to allow Pride Stores to apply for a liquor license and summarily denied Pride Stores a liquor license. West Chicago explains that it there is only one liquor license for gas stations in the City and that it had already granted that license to another gas station.

"[T]o get past a Rule 12(b)(6) motion to dismiss on a class of one equal protection claim, 'a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications.'" *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013) (citations omitted). Put differently, "at the pleading stage, '[a]ll it takes to defeat [a class-of-one] claim is a *conceivable* rational basis for the difference in treatment.'" *Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015) (emphasis in original).

An understanding of Illinois' liquor laws and regulations is a good starting place in examining plaintiffs' equal protection claim. The "Liquor Control Act of 1934 provides that its purpose is to protect the health, safety, and welfare of the people of the State of Illinois and to

6

foster and promote 'temperance in the consumption of alcoholic liquors … by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors.'" *Move N Pick Convenience, Inc. v. Emanuel*, 30 N.E.3d 661, 666, 391 Ill.Dec. 391, 2015 IL App (1st) 133449 (1st Dist. 2015). "Local municipalities have the power to license, regulate, or prohibit liquor sales pursuant to the delegated police powers of the state." *Id.* Included in these police powers is a municipality's discretion in limiting liquor licenses:

> In every city, village or incorporated town, the city council or president and board of trustees, and in counties in respect of territory outside the limits of any such city, village or incorporated town the county board shall have the power by general ordinance or resolution to **determine the number, kind and classification of licenses, for sale at retail of alcoholic liquor**[.]

235 ILCS 5/4-1 (emphasis added). The Seventh Circuit has interpreted 235 ILCS 5/4-1 "as a grant of 'broad discretionary authority' to aid municipalities in their regulation of liquor licensees." *Foxxxy Ladyz Adult World, Inc. v. Village of Dix, Ill.*, 779 F.3d 706, 718 (7th Cir. 2015).

Here, plaintiffs were not merely applying for a liquor license, they were applying for an unavailable liquor license because West Chicago had exercised its discretion in promulgating its liquor ordinance by allowing only one liquor license per gas station – a license that had already been issued. Pursuant to Illinois statute, West Chicago has broad discretionary authority to determine the number, kind, and classification of its liquor licenses. And, West Chicago's discretion in limiting the number of liquor licenses is rationally related to Illinois' legitimate interest in protecting the health, safety, and welfare of its citizens, as well as to promote temperance in the consumption of alcohol. *See Monarch Beverage Co., Inc. v. Cook,* 861 F.3d 678, 684 (7th Cir. 2017). Plaintiffs' equal protection claim fails because they have not alleged facts sufficient to overcome the presumption of rationality attached to West Chicago's ordinance classifications. *See Flying J Inc. v. City of New Haven*, 549 F.3d 538, 545, 547 (7th Cir. 2008) ("[A] given action can have a rational basis and be a perfectly logical action for a government entity to take even if there are facts casting it as one taken out of

7

animosity."). The Court grants defendants' motion to dismiss plaintiffs' equal protection claims, including plaintiffs' claims for injunctive and declaratory relief in relation to the liquor ordinance, with prejudice.

*State Law Malicious Prosecution Claim*

Because the Court is granting defendants' motions to dismiss plaintiffs' constitutional claims with prejudice – over which the Court has original subject matter jurisdiction – the Court, in its discretion, declines to exercise its supplemental jurisdiction over plaintiffs' state law malicious prosecution claim under 28 U.S.C. § 1367(c)(3). *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018) ("there is a general presumption that the court will relinquish supplemental jurisdiction and dismiss the state-law claims without prejudice.").

**Conclusion**

For the foregoing reasons, this Court grants defendants' motion to dismiss Count I through IV of the first amended complaint with prejudice. [43]. The Court grants defendants' motion to dismiss the malicious prosecution claim as alleged in Count V without prejudice so that plaintiffs may file this claim in state court. Civil case terminated.

IT IS SO ORDERED.

Date: 2/25/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

8